**Robert L. REED, Plaintiff-Respondent,**

v.

**Lloyd BROWN, et al.,
Defendants-Appellants.**

**No. 67581.**

Supreme Court of Missouri,
En Banc.

March 25, 1986.

---

**2.** *Kingsley v. Kingsley,* 601 S.W.2d 677 (Mo.App. 1980); *State ex rel. Charterbank Springfield,*

*N.A. v. Donegan,* 658 S.W.2d 919 (Mo.App.1983).

Richard H. Edwards, Clayton, for defendants-appellants.

Newton G. McCoy, Mary E. Davidson, St. Louis, for plaintiff-respondent.

HIGGINS, Chief Justice.

Lloyd Brown and City of Wellston appeal summary judgment ordering a special election to be held pursuant to section 115.-517(3), RSMo 1978, in the City of Wellston, Missouri, because of a tie vote in a municipal election for a seat on the city council. Appellants contend that the city council properly determined the tie vote pursuant to section 77.060, RSMo1978, which provides that the tie votes in elections for city council in cities of the third class shall be determined by the city council. The judgment is affirmed.

Robert Reed and Lloyd Brown were candidates for the office of councilman for the Fourth Ward in a municipal election held on April 2, 1985, in Wellston, a city of the third class. On April 16, 1985, the St. Louis County Board of Election Commissioners certified that the election resulted in a tie, with each candidate receiving 48 votes.

On April 17, 1985, the Wellston City Council met, and pursuant to section 77.-060, RSMo 1978, purportedly resolved the tie by declaring Mr. Brown the duly elected councilman for the Fourth Ward. On June 4, 1985, the circuit court, on petition of Mr. Reed, ordered a recount and it showed each candidate to have received 48 votes. The circuit court then entered summary judgment directing that, pursuant to section 115.517(3), RSMo 1978, a special runoff election be held to determine the winner of the election.

Section 77.060 provides:

Councilman, qualifications.—No person shall be councilman unless he is at least twenty-one years of age prior to taking office, a citizen of the United States, and an inhabitant of the city for one year next preceding his election, and a resident of the ward from which he is elected six months next preceding his election. Whenever there is a tie in the election of a councilman, the matter shall be determined by the council.

Section 77.060 was last reenacted in 1955. Laws 1955, p. 303.

Section 115.517 provides in part:

Tie vote in general election, procedure to be followed.—3. If two or more persons receive an equal number of votes for nomination or election to any office not otherwise provided for in section 115.515 or 115.517, and a higher number of votes than any other candidate for nomination or election to the same office, the officer with whom such candidates filed their declarations of candidacy shall, immediately after the results of the election have been certified, issue a proclamation stating the fact and ordering a special election to determine which candidate is elected to the office. The proclamation shall set the date of the election and shall be sent by the officer to each election authority responsible for conducting the special election. In his proclamation, the office shall specify the name of each candidate for the office to be voted on at the election, and the special election shall be conducted and the votes counted as in other elections.

Appellants assert: the circuit court erred in its summary judgment because the city council properly resolved the tie vote pursuant to section 77.060; section 77.060 contains no requirement for a special election to resolve a tie vote; and, section 77.060 has not been specifically repealed by the legislature, nor has it been repealed by implication by the adoption of section 115.-517. Respondent contends that the circuit court properly ordered a special runoff election pursuant to section 115.517(3), because that section has repealed by implication the portion of section 77.060 which allowed the council to resolve ties in councilman elections.

The question is which of two statutes control in the event of a tie vote in an election for city councilman in a municipality of the third class. If, as the circuit court held, section 115.517(3) repeals section 77.060 by implication, Mr. Reed is entitled to a runoff election; if, as appellants contend, section 77.060 can be read in harmony with section 115.517, he is not entitled to a runoff.

■ The repeal of a special or local statute by implication through the enactment of a general statute is not generally favored. *International Business Machines Corp. v. State Tax Comm'n*, 362 S.W.2d 635, 640 (Mo.1962); *Moore v. Morehead*, 666 S.W.2d 460 (Mo.App.1984). However, in *Edwards v. St. Louis County*, 429 S.W.2d 718 (Mo. banc 1968), this Court stated the following doctrines or theories of statutory construction:

> Statutes which appear to be conflicting should be harmonized, if at all possible, so that they may stand together.... But the last act of the legislature, if completely repugnant to a prior act, must be construed as repealing the prior act by implication, to the extent of such a conflict, and is deemed to express the intent of the legislature.... And the principle is applied even to the extent of the repeal (pro tanto) of a special statute by a later general statute if there is such total conflict that the two cannot stand together, and the legislative intent if fairly shown.... "Ordinarily, a special or local law is not to be considered repealed by a general law upon the subject, ... but that rule is inapplicable where ... the two are in irreconcilable conflict, or are patently inconsistent, ... and the legislative intention to supersede the local law and to prescribe one single authoritative rule which shall govern in all cases is made clearly manifest...."

*Id.* at 721–22 (citations omitted); *see also State ex rel. Crutcher v. Koeln*, 332 Mo. 1229, 61 S.W.2d 750, 755–56 (banc 1933).

■ Section 115.517(3) is part of the "Comprehensive Election Act of 1977." § 115.001, *et seq.*, RSMo 1978. The effective date of the Act was January 1, 1978. § 115.009, RSMo 1978. The purpose of the Act is to simplify, clarify and harmonize the laws governing elections. § 115.003, RSMo 1978. "Notwithstanding any other provision of law to the contrary, [the Act] shall apply to all public elections in the state, except elections for which ownership of real property is required by law for voting." § 115.005, RSMo 1978. The Act applies to elections for "public offices" which are defined to include "any office established by constitution, statute or charter ... under ... the state of Missouri, or any political subdivision...." § 115.-013(21), RSMo 1978. Wellston is a political subdivision. § 115.013(18), RSMo 1978. Therefore, the Comprehensive Election Act applies to elections in the City of Wellston.

Section 115.517(3) governs tie votes for "nominations or elections to any office not otherwise provided for in section 115.515 or 115.517...." Section 115.515, RSMo 1978, was enacted to resolve tie votes in certain primary elections; section 115.517(1), was enacted to resolve tie votes for "election to the office of governor, lieutenant governor, secretary of state, state auditor, state treasurer or attorney general," and section 115.517(2) was enacted to resolve tie votes "for election to federal office, state office, state senator, state representative or circuit judge not subject to the provisions of article V, section 25 of the state constitution...." Section 115.517 is explicit in its application to any election not otherwise provided for in sections 115.515 or 115.517.

Unlike its statutory precursor, section 111.721, RSMo 1969, section 115.517(3) does not employ qualifying phrases such as "except in cases otherwise provided by law ..." which would contemplate that section 77.060 would control in situations such as this; section 111.721, RSMo 1969, could be harmonized with section 77.060. Absence of this qualifying phrase evidences the legislative intent to exclude operation of section 77.060 in tie elections and to establish section 115.517(3) as a uniform rule for tie votes.

The heading of section 115.121, RSMo 1978, reads: "General election, when held—primary election, when held—municipal election day defined."; this section designates specific dates for these elections. The heading of section 115.515 reads "Tie vote in primary election, procedure to be followed." The heading of section 115.517 reads "Tie vote in general election, procedures to be followed." Appellants argue that section 115.517 refers only to tie votes in "general elections" and that nothing in this section refers to "municipal elections." Appellants conclude that section 115.515 was intended to govern tie votes in "primary elections," as the term is used in section 115.121(2); section 115.517 was intended to govern tie votes in "general elections," as the term is used in section 115.-121(1); and, section 77.060, RSMo 1978, and section 79.070, RSMo 1978, remain to resolve tie votes in cities of the third class and fourth class, respectively.

Appellants' conclusions give emphasis to the headings of the sections. Yet "[t]he headings of chapters, articles or sections are not to be considered in construing our statutes; these indicia are mere arbitrary designations inserted for convenience of reference by clerks or revisors, who have no legislative authority, and are therefore powerless to lessen or expand the letter or meaning of the law." *State v. Maurer,* 255 Mo. 152, 164 S.W. 551, 552 (1914); *State ex rel. Agard v. Riederer,* 448 S.W.2d 577, 581 (Mo. banc 1969). The headings of these sections are of no import to the construction of the Act. Appellants' conclusions are inconsistent with the plain language of section 115.517(3) which deals with both nominations and elections to any office not otherwise provided for in sections 115.515 or 115.517. Had the legislature intended section 115.517 to apply only to "general elections," there would have been no mention of nominations which are provided for in section 115.515. Similarly, under this argument, nominations would have to take place on "general election day," *see* § 115.-121(1); and this is contrary to the Act's intent to conclude primary elections prior to general elections. *See Hockemeier v.*

*Berra,* 641 S.W.2d 67 (Mo. banc 1982). Further, should this Court hold that section 115.517(3) has no application to municipal elections, such holding would mean that there are no statutory provisions for resolving tie votes for election to any offices in township organization counties (chapter 65, RSMo 1978), constitutional charter counties (chapter 66, RSMo 1978), towns and villages (chapter 80, RSMo 1978), special charter cities and towns (chapter 81, RSMo 1978), or constitutional charter cities (chapter 82, RSMo 1978). These chapters contain no provisions for resolving ties. Appellants' argument is contrary to the legislative intent to enact a comprehensive act to simplify, clarify and harmonize the laws governing elections.

In *Edwards v. St. Louis County* the question was which of two conflicting statutes control the rate of interest which counties may fix and pay on general obligation bonds. Section 108.080, RSMo 1959, provided that such bonds issued by counties shall bear interest at a rate not exceeding four percent per annum; section 108.-170, RSMo Supp.1967, provided that bonds issued by various public entities, including counties, may bear interest at a rate limited to six percent per annum. Plaintiff argued that the statutes may be construed together by disregarding the application of the general statute, section 108.170, to counties, thus leaving the special statute, section 108.080, as an exception to the general statute. This Court rejected this argument holding that the rates of interest provided in the two statutes are totally repugnant, and that the reenactment of section 108.170 in 1965 did by implication repeal the four percent interest limitation of section 108.080. The analysis in *Edwards* is controlling.

The tie-breaking provision of section 77.-060 is in irreconcilable conflict with the Comprehensive Election Act. Sections 77.-060 and 115.517(3) are completely repugnant to one another and cannot be harmonized. The latter was adopted in 1977, while the former was reenacted in 1955. The Act is the current expression of the legislature

on the subject; and it must be construed and applied so as to accomplish its purpose. § 115.003. This Court holds, therefore, that the portion of section 77.060 which provides for tie votes in councilman elections has been repealed by implication by the subsequent enactment of section 115.-517(3). *See Edwards,* 429 S.W.2d at 722; *State ex rel. Crutcher,* 61 S.W.2d at 755–56.

The judgment is affirmed.

All concur.